UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
BARBARA CUADRADO,  : Case No.: 2:18-cv-1450
 :
 Plaintiff,  :
 :
vs.  : Jury Trial Demanded
 :
CREDIT ACCEPTANCE CORPORATION;  :
and DOES 1-10, Inclusive,  : **COMPLAINT**
 :
 Defendants.  :
 : August 27, 2018
---------------------------------------------------------------- x

Barbara Cuadrado ("Plaintiff"), by and through undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 *et seq.*, (the "CCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper before this Court under 28 U.S.C. § 1391(b), as Defendants transact business in this District, and as a substantial part of the events giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff is an adult individual who at all relevant times resided in Groton, Connecticut, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Plaintiff is a "consumer" as defined in Conn. Gen. Stat. § 36a-645(1).

1

6. Defendant Credit Acceptance Corporation ("Credit Acceptance"), is a Michigan business entity with an address of 25505 West Twelve Mile Road, Southfield, Michigan 48034, and is a "person" as defined by 47 U.S.C.A. § 153(39).

7. Defendant Credit Acceptance Corporation ("Credit Acceptance") is a creditor as defined in Conn. Gen. Stat. § 36a-645(2) and is engaged in the business of extending credit to consumers in Connecticut.

8. Barbara purchased a vehicle that was financed, in part, through the extension of credit by the Defendant in a transaction that was for personal, family or household purposes as defined in Conn. Gen. Stat. § 36a-645(3).

9. DOES 1-10 (the "Agents") are individual agents employed by Credit Acceptance and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

10. Credit Acceptance at all times acted by and through one or more of the Agents.

## FACTS

11. Within the last four years, Credit Acceptance began placing calls to Plaintiff's cellular telephone, number 860-XXX-4824, in an attempt to collect a debt from the Plaintiff.

12. At all times mentioned herein, Credit Acceptance placed calls to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS" or "predictive dialer") with the present capacity to dial randomly or sequential numbers and/or by using an artificial or prerecorded voice.

13. Plaintiff sent a letter to Credit Acceptance, via the U.S Postal Service, return receipt requested, notifying Credit Acceptance to stop calling her.

14. The letter described in Paragraph 13 was received by Credit Acceptance on August 21, 2017.

15. Connecticut Agency Regulation § 36a-647-4 states that a creditor shall not communicate with a consumer debtor without the prior consent of the debtor.

16. Connecticut Agency Regulation § 36a-647-4(c) states that prior consent of the consumer does not include consent obtained by virtue of any provision in any writing evidencing the debt or executed at the time the debt was incurred.

17. Plaintiff's consent to receive telephone calls, if it was ever given, was revoked by the Plaintiff when she sent a letter to the Defendant requesting the telephone calls to stop.

18. Credit Acceptance continued to place telephone calls to the Plaintiff after its receipt of the Plaintiff's letter requesting the telephone calls to stop.

19. On August 31, 2017, the Plaintiff instructed Credit Acceptance over the telephone to stop calling her and told the Defendant that she was represented by an attorney and gave the attorney's contact information.

20. The agent for Credit Acceptance continued to discuss the debt and resolution of the debt after Barbara gave the agent her attorney's contact information.

21. Credit Acceptance continued to place telephone calls to the Plaintiff despite its receipt of a letter to cease telephone contact and, further, despite its knowledge that the Barbara was represented by an attorney.

22. On September 21, 2017 the Plaintiff called the Defendant from her attorney's telephone to tell the Defendant yet again that she was represented by an attorney.

23. The Defendant continued to place telephone calls to the Plaintiff after September 21, 2017.

24. If Credit Acceptance previously had consent to contact the Plaintiff at her cellular telephone number, that consent was revoked prior to the telephone calls placed by Credit Acceptance that are the basis of this Complaint by the Plaintiff because the Plaintiff sent a letter to the

Defendant requesting the telephone calls to stop and, later, when she informed the Defendant that she was represented by an attorney.

25. The Defendant placed at least thirty (30) telephone calls to the Plaintiff after the Plaintiff instructed the Defendant to stop calling her.

26. The Defendant placed calls from (313) 263-1172, and (517) 861-2084.

27. Plaintiff had a prior business relationship with Credit Acceptance.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, *et seq.*

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated therein.

29. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") that had the present capacity to dial the Plaintiff's number randomly or sequentially and/or by using a prerecorded or artificial voice.

30. In expanding the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call..."2003 TCPA Order 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting the "predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

31. Defendant's telephone systems have some earmarks of a Predictive Dialer. Often times when the Plaintiff answered the phone, she was met with a pre-recorded message before the Defendant's telephone system would connect her to the next available representative.

32. Upon information and belief, Defendant's Predictive Dialers had the present capacity to store or produce telephone numbers to be called, using a random or sequential number generator, at the times that the Defendant called the Plaintiff.

33. Despite Plaintiff directing Defendant to cease all calls to her cellular telephone, Defendant continued to place automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in a knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

34. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

35. Upon information and good faith belief, Defendant placed the calls at issue to Plaintiff willfully and knowingly in that it consciously and deliberately made the calls referenced herein.

36. Plaintiff suffered harm as a result of Defendant's telephone calls at issue in that she suffered an invasion of her privacy, an intrusion into her life, and a private nuisance.

37. Additionally, the unwanted calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

38. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

39. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to § 227(b)(3)(B) and 227(b)(3)(C).

## COUNT II

## VIOLATIONS OF THE CREDITOR'S COLLECTION PROTECTION ACT ("CCPA") –

### Conn. Gen. Stat. § 36a-648

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated therein.

41. The Plaintiff sent a letter to the Defendant, return receipt requested via the U.S. Postal Service, requesting the Defendant to stop calling the Plaintiff. This letter was received by the Defendant on August 21, 2017, according to the U.S. Postal Service.

42. The Defendant continued to place telephone calls to the Plaintiff after the Defendant received the Plaintiff's letter requesting that they stop calling her.

43. The majority of these telephone calls were placed within one year prior to the filing of this complaint.

44. Defendant violated Connecticut General Statute § 36a-648 and Connecticut Agency Regulation § 36a-647-4(a)(2) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a consumer debt when the Defendant placed telephone calls to the Plaintiff without the Plaintiff's consent.

45. The Defendant is a creditor as defined by Connecticut General Statute § 36a-645(2).

46. The debt was for personal, family, or household purposes.

47. The debt has since been discharged in a consumer bankruptcy that the Plaintiff filed on December 1, 2017.

48. Upset with the telephone calls by the Defendant, the Plaintiff called the Defendant on August 31, 2017 at approximately 7:12 p.m. at (313) 263-1172 to notify the Defendant that she was represented by Attorney David Falvey and provided contact information for Attorney David Falvey.

49. The Defendant continued to place telephone calls to the Plaintiff's cell phone.

50. Upon information and good faith belief, Defendant placed the calls at issue to Plaintiff willfully and knowingly in that it consciously and deliberately made the calls referenced herein.

51. Plaintiff suffered harm as a result of Defendant's telephone calls at issue in that she suffered an invasion of her privacy, an intrusion into her life, and a private nuisance.

52. Additionally, the unwanted calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

## COUNT III

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE & PRACTICES ACT ("CUTPA") –

### Conn. Gen. Stat. § 42a-110b, *et seq.*

53. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

54. At all relevant times, the Defendants were engaged in a trade or commerce as defined under CUTPA.

55. The Defendants' harassing telephone calls to collect a debt despite the Defendant's knowledge that the Plaintiff did not want to be called and that the Plaintiff was represented by an attorney, constitute unfair and deceptive practices within the meaning of CUTPA, as such practices offend public policy, are unfair, immoral, unethical, oppressive or unscrupulous and have caused and continue to cause substantial injury to the Plaintiff.

56. The Plaintiff has suffered a significant and ascertainable loss, including but not limited to the cost of this action, including attorney's fees and costs of litigation, and an

ascertainable loss including anxiety, embarrassment, loss of sleep, headaches, stress, inconvenience, and emotional distress as a result of the Defendants' conduct.

## Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(b) Adjudging that Defendant violated Conn. Gen. Stat. § 36a-648, and enjoining Defendant from further violations of Conn. Gen. Stat. § 36a-648 with respect to Plaintiff.;

(c) Awarding Plaintiff actual damages, or statutory damages under 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff statutory damages under the CCPA;

(e) Awarding Plaintiff reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, under Conn. Gen. Stat. § 36a-648 and Rule 23 of the Federal Rules of Civil Procedure; and

(f) Awarding other and further relief as the Court may deem just and proper.

Dated August 27, 2018                    Respectfully submitted,

/s/ Kenneth R. Davison
Kenneth R. Davison, Esq. (ct29644)
Action Advocacy PC
One Crouch Street
Groton, CT 06340
Telephone: (860) 449-1510
Facsimile: (860) 449-8046
Email: office@actionadvocacy.com
Counsel for the Plaintiff

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Barbara Cuadrado

**(b)** County of Residence of First Listed Plaintiff  New London, CT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kenneth R. Davison, Action Advocacy, P.C., One Crouch St., Groton, CT 06340; (860) 449-1510

### DEFENDANTS
Credit Acceptance Corporation

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
47 U.S.C. § 227 et. seq. – Telephone Consumer Protection Act

Brief description of cause:
Violations of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 45,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 08/27/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Kenneth R. Davison

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____